UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JULIE ANN TREIB, | ) | CIV. 09-4108-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION IN |
| DR. DENNIS J. GLATT, and | ) | LIMINE NUMBER 2 |
| SANFORD CLINIC, SURGICAL | ) | |
| ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Julie Ann Treib, brought suit against defendants, Dr. Dennis J. Glatt and Sanford Clinic, Surgical Associates, alleging a battery and a violation of her right to informed consent after Dr. Glatt opened a surgical wound on her abdomen. Treib alleges that she told Dr. Glatt she did not want the procedure done in her hospital room and that he disregarded her wishes. In their motion in limine number 2, defendants move "[t]o prohibit questioning of any of Defendants' expert witnesses regarding Midwest Medical Insurance Group (MMIC), Defendants' insurance carrier." Docket 34 at ¶ 2.

Defendants have listed two doctors, Dr. Donald M. Jacobs and Dr. Thomas P. VanBruggen, as expert witnesses. Dr. VanBruggen is not insured by MMIC, Docket 53-1, but Dr. Jacobs is insured by MMIC. Docket

53-2. Treib resists the motion as to Dr. Jacobs and does not object to the motion as to Dr. VanBruggen. The motion is granted.

## DISCUSSION

Federal Rule of Evidence 411 provides the rule on whether evidence of liability insurance is admissible:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

Fed. R. Evid. 411. Treib, citing *Advance Brands, LLC v. Alkar-Rapidpak, Inc.*, No. 08-CV-4057-LRR, 2011 WL 2144481 (N.D. Iowa May 31, 2011), argues that the evidence that Dr. Jacobs is "insured by the same carrier would be offered to show bias or prejudice of" Dr. Jacobs. Docket 46 at 2.

In *Advanced Brands*, the court reserved ruling for trial on the admissibility of evidence showing that the plaintiff in a products liability case and a third-party defendant were insured by the same liability insurance company. 2011 WL 2144481, at *7. The defendant argued that the evidence was admissible because the plaintiff, a corporation, had the same insurance company as the third-party defendant, also a corporation, and, thus, intentionally avoided bringing suit against that third-party defendant. *Id.* Defendant argued the evidence was admissible to show the biased approach taken by plaintiff and its experts in its intentional decision

2

not to sue or blame the third-party defendant. The court agreed with defendant and ruled the evidence that the plaintiff and the third-party defendant "shared the same insurance company might be relevant for other purposes, such as to demonstrate the potential bias of [the plaintiff's] expert witnesses. *See, e.g., Charter v. Chleborad*, 551 F.2d 246, 248-49 (8th Cir. 1977))." *Id.*

In *Chleborad*, a malpractice case, a doctor testified as an expert about the standard of care that the plaintiff received from the defendant doctor and concluded that the defendant was negligent. 551 F.2d at 248. As rebuttal evidence, the defendant introduced testimony that the expert had a bad reputation for truthfulness and veracity through an attorney. *Id.* On cross examination, the attorney testified that he defended medical malpractice claims and that some of his clients were insurance companies. *Id.* The plaintiff sought to question the attorney about the identity of his clients, including the insurance companies, and the district court prohibited the questioning, even though the attorney had been employed by the same liability carrier that represented the defendant. *Id.* In reversing, the Eighth Circuit reasoned that the evidence that the attorney was employed by the same liability insurer was admissible to show bias. *Id.* at 249.

Neither *Advanced Brands* nor *Chleborad* held that the introduction of an expert witness's liability insurance carrier was admissible to show

3

possible bias when that carrier was also the defendant doctor's carrier. Furthermore, both cases had facts in addition to the same insurance carrier to suggest that the expert witness was biased. In *Advanced Brands*, the evidence of an insurance carrier was relevant to show why the plaintiff chose to sue one party and not another party. In *Chleborad*, the evidence was offered to impeach a rebuttal character witness when that witness had been previously employed by the insurance carrier. Similar facts do not exist here and, thus, the reasoning in *Advanced Systems* and *Chleborad*, and Treib's other arguments, are unpersuasive.

After considering the evidence, the court finds that the evidence has limited probative value. Plaintiff argues the evidence shows bias on the part of the expert, but there is no showing that the expert witness has a direct interest in the outcome of the litigation, such as an agent, owner, or employee of the defendant's insurance company.[1] *See Reimer v. Surgical Serv. of Great Plains*, 605 N.W.2d 777,781 (Neb. 2000). As a result, the potential for bias is remote. If there is any bias, the probative value of that evidence is outweighed by the unfair prejudice to defendants of introducing evidence of insurance coverage to the jury. Accordingly, it is

---

[1] Dr. Jacobs has informed the court that he was unaware that MMIC also insured Dr. Glatt when he reviewed this case and composed his expert report. Docket 53-2.

ORDERED that defendants' motion in limine number 2 (Docket 34 at ¶ 2) is granted.

Dated July 21, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE